IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALONZO SUGGS, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )   CASE NO.   13-CV-953-WDS |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
|       Respondent. | ) |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   The Court has completed a review of the motion pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*.

**BACKGROUND**

In 2001, petitioner was convicted by a jury of conspiracy to distribute cocaine, and of being a felon in possession of a firearm.   On June 25, 2001, petitioner was sentenced to 300 months of imprisonment for conspiracy to possess with intent to distribute cocaine, and a concurrent term of 120 months for the firearm offense.   The conviction was affirmed on direct appeal.   *United States v. Suggs*, 59 F. App'x 818 (7th Cir. 2003).   After his initial sentencing, petitioner filed his first § 2255 habeas petition alleging, among other things, ineffective assistance based on his attorney's failure, on appeal, to challenge information used to enhance his Sentencing Guideline range (Case No. 3:04-cv-730-WDS).   This Court dismissed the petition, but the Seventh Circuit found merit in his claim, and remanded the case for resentencing.   *Suggs v. United States*, 513 F.3d 675 (7th Cir.

2008).  Petitioner was resentenced to 240 months for the drug offense, and a concurrent term of 120 months for the firearm offense.

On August 20, 2009, Suggs submitted to the Seventh Circuit Court of Appeals, an application pursuant to 28 U.S.C. § 2244(b)(3), seeking permission to file a successive collateral attack on his conviction based on a claim that he had new evidence that he was innocent of the drug offense.  The Seventh Circuit denied Suggs' request as follows:

> He claims to have new evidence that he is actually innocent of the drug offense; namely, a notarized affidavit by John Ellebracht, the government's primary witness and a member of the drug-trafficking conspiracy, that contrary to his trial testimony Suggs was not the intended recipient of the drugs he (Ellebracht) was caught delivering.  Additionally, Suggs contends that the government did not disclose Ellebracht's initial statement to police, which, according to Suggs, was consistent with the recent affidavit.
> Initially, Suggs has not filed a motion under § 2255 to vacate his new sentence, but his proposed claims attack only his conviction.  Because Suggs has already received collateral review of his conviction and the new judgment changed only his sentence, Suggs requires this court's permission to proceed.  *Dahler v. United States*, 259 F.3d 763, 765 (7th Cir. 2001).
> But Ellebracht's recantation – which comes eight years after trial and long after Ellebracht received whatever benefit he got in exchange for his co-operation – simply does not come close to showing that no reasonable factfinder would have found him guilty as required for authorization, 28 U.S.C. § 2244(b)(2)(B).  *See Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or some other powerful evidence.").  In short, Ellebracht's recantation is not "powerful evidence."  Accordingly, we deny Suggs' request for authorization to file a successive collateral attack.

*Suggs v. United States*, No. 09-3070 (7th Cir. August 27, 2009).

Despite the Seventh Circuit's denial, petitioner brought a second habeas petition pursuant to § 2255, claiming that he is "actually innocent" of Count I based on "new evidence," i.e., the Ellebracht affidavit.  Petitioner had been denied permission from the Court of Appeals to file the successive petition, and, accordingly, this Court dismissed it for lack of jurisdiction (Case No.

3:09-cv-00775-WDS, Doc. 11).   Petitioner appealed this Court's dismissal, and the Seventh Circuit affirmed, noting that Suggs' motion challenged the underlying conviction, and not the resentencing, rendering it successive to the first motion, which he had been denied permission to file.  *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013).

   Currently before the Court is Suggs' third attempt at a motion pursuant to 28 U.S.C. § 2255.   Petitioner again seeks to set aside his conviction based on the same Ellebracht affidavit[1] he cited in his previous § 2255 action.   His current claim of actual innocence is virtually identical in form and substance to the claim he alleged in his previous case.   As in his previous case, petitioner attempts to make a constitutional claim by stating that he was denied his rights to a fair trial and due process due to the government's withholding of material evidence.   He essentially attempts to state a Brady violation, claiming that the government knew that petitioner was "not involved" with the crime, and that the government encouraged Ellebracht to implicate petitioner as the intended recipient of the drugs.   Petitioner also claims that the government failed to inform him of Ellebracht's initial statements in which Ellebracht stated that the drugs belonged to him, the funds used to purchase the drugs were his own, and that petitioner was not the intended recipient of the drugs.

   The sole difference in petitioner's third filing is his "jurisdictional statement," in which he attempts to highlight the fact that his "actual innocence" claim is the gateway through which his § 2255 petition may pass, even though it may otherwise be procedurally barred.   Petitioner relies on the recent Supreme Court case, *McQuiggin v. Perkins*, 133 S.Ct. 1924, (May 28, 2013), to support his assertion.

---

[1] The affidavit, as noted above, was executed in 2009, more than eight (8) years after petitioner's trial.

**LEGAL STANDARD**

Generally, district courts lack jurisdiction to hear second or successive habeas petitions under § 2255. *Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007). Although § 2255 gives jurisdiction over first habeas petitions to the district courts, it states, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255(h). Petitioner was previously denied such certification from the Seventh Circuit, based on his submission of the exact same claim he now asserts. *Suggs v. United States*, No. 09-3070 (7th Cir. August 27, 2009). Petitioner now contends, however, that certification from the Court of Appeals is not required because his claim is based on "new" evidence that shows he is actually innocent, allowing him a "gateway" through which his claims may pass although they would otherwise be barred.

The Court notes that an "actual innocence" exception for successive petitions exists in that the Supreme Court has held firm "to the principle that habeas corpus is, at its core, an equitable remedy," allowing adjudication of a successive habeas claim when required to do so by the "ends of justice." *Schlup v. Delo*, 513 U.S. 298, 319 (1995). The Court has specifically applied this "equitable exception" to § 2255 petitions, notwithstanding the lack of language within the statute referring to an "ends of justice" inquiry. *Id*. at 319-20. For the exception to apply, which is only in rare and extraordinary cases, a fundamental miscarriage of justice linked specifically to actual innocence must exist. *Id*. at 321.

**ANALYSIS**

I.   **Actual Innocence Gateway**

Petitioner cites *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (May 28, 2013), for the proposition that "a convincing showing of actual innocence enable[s] habeas petitioners to

overcome a procedural bar to consideration of the merits of their constitutional claims." Specifically, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *Id.* Petitioner did not cite the following passage, however, which cautioned:

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; see *House*, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

*Id.*

The main holding of *McQuiggin* related to the untimely filing of an initial habeas petition: "a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.*

Most relevant for petitioner here, is that the *McQuiggin* case did not upset the standard previously in place by the Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995), regarding whether an actual innocence claim can serve as a gateway through which otherwise barred claims may pass. In *Schlup*, the Court determined that in a case where petitioner claims that a constitutional error resulted in a conviction of one who is actually innocent, to succeed, "the petitioner must show that the constitutional error 'probably' resulted in the conviction of one who was actually innocent." 513 U.S. at 322. "To establish the requisite probability, the petitioner must show that it is more likely than not that **no reasonable juror would have**

5

**convicted him in the light of the new evidence**. The petitioner thus is required to make a stronger showing than that needed to establish prejudice." *Id.* at 327 (emphasis added). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id*. at 324.

The Supreme Court further directs district courts, in making such determinations regarding "actual innocence," to consider "all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id*. at 328 (internal quotation omitted).

In *McQuiggin,* relied on by petitioner here, the Supreme Court stressed that the *Schlup* standard is demanding and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S.Ct at 1936 (quoting *Schlup*, 513 U.S. at 316).

The problem for petitioner is that the Seventh Circuit has already considered his "actual innocence" claims based on Ellebracht's affidavit, and determined that "Ellebracht's recantation – which comes eight years after trial and long after Ellebracht received whatever benefit he got in exchange for his co-operation – **simply does not come close to showing that no reasonable factfinder would have found him guilty** as required for authorization, 28 U.S.C. § 2244(b)(2)(B)." *Suggs v. United States*, No. 09-3070 (7th Cir. August 27, 2009) (emphasis added). The Seventh Circuit further found that "Ellebracht's recantation is not 'powerful evidence' and denied Suggs' request for authorization to file a successive collateral attack. *Id*.

The Seventh Circuit, upon consideration of Suggs' appeal from his conviction, has also had occasion to comment on the trial evidence against petitioner:

> In this case ample evidence supports the conclusion that Ogle and Suggs engaged in the charged conspiracy. The evidence against Suggs was overwhelming: Ellebracht testified that Suggs offered him $500 to make the trip, that he had made approximately 25 such trips for Suggs in the past, and that he and Ogle purchased cocaine from Suggs in the past; moreover, three other witnesses testified that they also regularly purchased crack or cocaine from Suggs. As for Ogle, Ellebracht testified that she recruited him to be a courier for Suggs and that he and Ogle had purchased crack from Suggs in the past. Ellebracht also testified that when Ogle recruited him she said that she would not risk making the trips herself based on the small amount of money Suggs was offering–thereby giving the jury reason to infer that Ogle knew the nature of the trips for which she recruited Ellebracht. The government also introduced evidence that following her arrest and before her trial Ogle was found with false identification in Texas and attempted to conceal her identity from police officers. Therefore, a rational jury had evidence from which to conclude that Suggs and Ogle each engaged in the charged conspiracy.

*United States v. Suggs*, 59 F.App'x 818, 820 (7th Cir. 2003).

Later, when considering petitioner's appeal from this Court's dismissal of his first § 2255 petition, the Seventh Circuit commented that although the district court may have committed error in receiving co-conspirator Ogle's statements, the error was harmless because "[e]ven without the statements, the evidence tying Suggs to the drug conspiracy was very strong." *Suggs v. United States*, 513 F.3d. 675, 679 (7th Cir. 2008).   The Seventh Circuit specifically commented on Ellebracht's trial testimony:

> While on the stand, Ellebracht appeared to have some memory problems (once even demonstrating the risks of drug use and apparently forgetting which state-Missouri or Illinois-he was then in). Nonetheless, he told a convincing story of how Suggs recruited him to work as a drug courier. During the first trip, Suggs gave Ellebracht a large amount of money to deliver to Phoenix; during later trips, Ellebracht transported luggage that he certainly knew was loaded with drugs.
>
> The government introduced several pieces of evidence that supported Ellebracht's story. In his wallet, Ellebracht carried a business card on which he had written "Lo's" phone number. After his arrest, Ellebracht picked "Lo" out of a photo lineup and, later, identified Suggs in court as "Lo." The police confirmed the details of 20 of Ellebracht's trips to Phoenix. Additionally, three witnesses-Marico

>Bratcher, Stacy Wilkins, and Kevin Wren-independently identified Suggs as their regular supplier of cocaine.

513 F.3d at 679.

In light of all of this, even giving a most liberal construction to petitioner's claims, he falls far short of meeting the standard he is required to meet to pass through the "actual innocence" gateway.  The Seventh Circuit has already determined that he, through the submission of Ellebracht's affidavit, executed more than 8 years after trial, does not show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.  The eight (8) year delay in obtaining Ellebracht's affidavit clearly weighs against the reliability of petitioner's actual innocence claim.  Additionally, the "ample" evidence produced against petitioner at trial, including a number of other witnesses beyond Ellebracht who testified regarding petitioner's drug distribution activities, weighs heavily against the reliability of petitioner's asserted actual innocence claim.  Petitioner simply fails to show that a constitutional error probably resulted in the conviction of one who was actually innocent.

Furthermore, petitioner's current motion pursuant to 28 U.S.C. § 2255 is clearly a successive petition in that it raises grounds identical to those previously raised and rejected.  He has not been provided permission to file this successive petition, and has, in fact, been denied permission on these specific claims previously.  Accordingly, the Court lacks jurisdiction to consider the merits of the petition.

## II.  Hearing

Petitioner has requested a hearing.  Because summary dismissal of a § 2255 motion is appropriate when the motion and the files and records of the case conclusively demonstrate that the petitioner is not entitled to relief, this Court **FINDS** that it is unnecessary to hold a hearing.  28 U.S.C. § 2255(b) (2010), *see also, Politte v. United States*, 852 F.2d 924, 931 (7th Cir. 1988).

### III.    Certificate of Appealability

Should Petitioner desire to appeal this Court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief under § 2255 that the Court may consider at this time. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

### CONCLUSION

Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is a successive petition for which leave to file has not been granted, and accordingly, the Court

**DISMISSES** the petition for lack of jurisdiction.   All pending motions are **DISMISSED** as **MOOT**.

A certificate of appealability shall **NOT** be issued.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: October 9, 2013**

               /s/   WILLIAM D. STIEHL
                 DISTRICT JUDGE